IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL J. DETTLAFF,

                Plaintiff,                OPINION AND ORDER

v.

                                                15-cv-463-wmc

PRAIRIE DU CHIEN CORRECTIONAL INSTITUTION, *et al.*,

                Defendants.

On May 18, 2017, the court granted *pro se* plaintiff Michael J. Dettlaff leave to proceed on claims under the Eighth and Fourteenth Amendments against defendants Paquine, Wayne and Skim for requiring him to sleep on the floor of a cold cell, as well as a First Amendment claim against defendant Bailey for delaying the delivery of legal mail. At the same time, plaintiff was denied leave to proceed on an additional Eighth Amendment conditions of confinement claim related to his cell because he failed to name any individual defendants who were aware of, but failed to correct, the conditions in his cell. Plaintiff has since filed an amended complaint, which is before the court for screening pursuant to 28 U.S.C. § 1915A, along with plaintiff's two pending motions for assistance in recruiting counsel. (Dkt. ##32, 42.) For the reasons that follow, the court will grant plaintiff leave to proceed against additional defendants, but deny his motions for assistance in recruiting counsel.

I.     Screening of Amended Complaint (dkt. ##33, 38)

In the amended complaint, Dettlaff proposes three substantive changes, which the court will address in turn.

    A.     Paragraph 8

In paragraph 8, Dettlaff seeks to substitute defendant Gary Boughton for defendant

John Paquin. Dettlaff explains that he was mistaken in initially alleging that Paquin was the warden of Prairie du Chien Correctional Institution ("PDCI") during the relevant time period. After discovery revealed that Boughton was the warden, and that he was the one who denied Dettlaff's appeal of his conduct report disposition, thus affirming his charge and punishment, he now seeks this change. For the reasons already explained in the court's initial leave to proceed order, Dettlaff will be granted leave to proceed against Boughton on his Fourteenth and Eighth Amendment claims, and Paquin will be dismissed from this lawsuit.

B.  New paragraph 11

In the leave to proceed order, the court denied Dettlaff leave to proceed on an Eighth Amendment conditions of confinement claim related to allegations that between November 1, 2010, and January 4, 2011, he was housed in a cold cell with another inmate, lacked adequate clothing and bedding, and was forced to sleep on a concrete floor, having failed to identify *any* defendant who was aware of these conditions and failed to take steps to address them. Now, in his first amended complaint, Dettlaff adds a new paragraph 11, which names, as additional defendants, the supervisory staff of the segregations units between November 1, 2010, and January 4, 2011: Tonja Hesselberg, Mark Kartman, Gerald Anderson, Denny Reger, Togerson, Wade, Krachey, Russel Bausch, and Kulmin. Detlaff states that these staff members were all scheduled to supervise his unit between November 1, 2010, and January 4, 2011, and thus were obliged to transfer him to an unoccupied individual cell but failed to do so. Given the court is obligated to view all of Dettlaff's allegations in his favor at screening, *Perez v. Fenoglio*, 792 F.3d 768, 774 (7th Cir. 2015), I will grant Dettlaff leave to proceed on a conditions of confinement claim against these defendants.

While Dettlaff fails to allege that any of these defendants actually saw that he was

2

sleeping on concrete *or* that an unoccupied cell was, in fact, available between November 1 and January 4, he does allege that each of these individuals were scheduled to work as a supervisor in the segregation unit during this time period. Thus, at this stage, it is reasonable to infer that each of these individuals witnessed (or should have witnessed) the conditions of Dettlaff's segregation cell that required him to sleep on a concrete floor, as well as the fact that Dettlaff remained in those conditions, which further supports an inference that none of them took any steps to change those conditions. Accordingly, I will grant him leave to proceed against these defendants.

That said, as Dettlaff proceeds with his claim, he should be aware his obligation to *prove* each of these defendants *individual* indifference, which will be much more difficult than his obligation to state a claim against them. Indeed, he will be required to submit proof that each of these individuals actually *were* aware of: his sleeping arrangements; lack of recreation, proper clothing and bedding; and the strobe-like lighting. He will also have to prove each individual failed to take reasonable steps to address those issues.

### C. Additional legal mail defendant

Finally, Dettlaff seeks to add David Bowen as a defendant to his First Amendment claim, alleging that he worked in the mail room and involved in the protracted delay in providing Dettlaff's legal mail. (*Id.* ¶ 22.) Dettlaff specifically alleges that Bowen handed him his legal mail after he was released from solitary confinement, and the property receipt included both Bowen's signature and the date the mail was delivered to PDCI, which was two months before Dettlaff received it. As these allegations permit the inference that Bowen received Dettlaff's legal mail, but failed to take steps to ensure he received it timely, the court will permit him leave to proceed against Bowen as well.

3

**II.    Motions for assistance in recruiting counsel (dkt. ##32, 42)**

Dettlaff also renewed his request for assistance in recruiting counsel in two motions, stating that: he is indigent; his imprisonment limits his ability to litigate this case; he lacks legal expertise; and this case requires expert testimony and locating witnesses. As an initial matter, before a district court can consider a request for counsel, it must find that the plaintiff (1) made reasonable efforts to find a lawyer on his own and was unsuccessful *or* (2) was prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, Dettlaff must give the court the names and addresses of three lawyers who denied his request for representation. Having submitted several rejection letters, Dettlaff has met this initial requirement.

Because *pro se* litigants who file lawsuits in this district outnumber the lawyers willing and able to provide representation, however, the court still cannot find a lawyer for every litigant who requests one. Thus, assistance in recruiting counsel is appropriate only when the plaintiff demonstrates his case is one of those relatively few in which it appears from the record that the legal and factual difficulty exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Obviously, this is a different question than whether a lawyer might do a better job.

To date, Dettlaff's filings in this lawsuit have been clear, well-organized and demonstrate an understanding of the relevant facts and law, and there is no evidence in his filings that this case is too difficult for him to prosecute on his own. Additionally, since filing these motions, Dettlaff has informed the court that he has been released from custody, and thus, he now has better access to research materials and other resources to litigate this case, which includes the chance for him to locate an expert witness on his own. Indeed, the court

4

has granted him an extension of expert disclosure deadline to accommodate his wish to find an expert. Since Dettlaff has shown not just the willingness to litigate this case on his own, but also the ability to do so, the motion will be denied without prejudice. Of course, Dettlaff may renew his motion should this case become more complex than it would now appear.

ORDER

IT IS ORDERED that:

(1) In addition to the claims outlined in the leave to proceed order (dkt. #19, at 10), plaintiff Michael J. Dettlaff is GRANTED leave to proceed on claims that:

  (a) defendant Gary Boughton violated his rights to procedural due process under the Fourteenth Amendment and proportional punishment under the Eighth Amendment by sentencing him to a lengthy term of segregation for a trivial violation.

  (b) defendants Tonja Hesselberg, Mark Kartman, Gerald Anderson, Denny Reger, Togerson, Wade, Krachey, Russel Bausch, and Kulmin violated his right under the Eighth Amendment by failing to provide plaintiff with humane conditions of confinement between November 1, 2010, and January 4, 2011.

  (c) defendant David Bown violated his rights under the First Amendment by improperly delaying his legal mail.

(2) Defendant John Paquin is DISMISSED.

(3) Plaintiff's motions for assistance in recruiting counsel (dkt. ##32, 42) are DENIED without prejudice as set forth above.

(4) Defendants' motion for screening and for extension of time to respond to plaintiff's amended complaint (dkt. #38) is GRANTED.

Entered this 6th day of April, 2018.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge